# United States District Court
# Northern District of Illinois – CM/ECF NextGen 1.7.1.1 (Chicago)
# CIVIL DOCKET FOR CASE #: 1:23−cv−02246

| | |
|---|---|
| Bazinett v. Pregis LLC | Date Filed: 04/10/2023 |
| Assigned to: Honorable Steven C. Seeger | Jury Demand: Plaintiff |
| Demand: $9,999,000 | Nature of Suit: 790 Labor: Other |
| Cause: 28:1332 Diversity−Fraud | Jurisdiction: Diversity |

**Plaintiff**

**Lori Bazinett**  
*individually and on behalf of all others similarly situated*

represented by **Yitzchak Kopel**  
Bursor & Fisher P.A.  
1330 Avenue of the Americas  
32nd Floor  
New York, NY 10019  
917−776−6740  
Email: ykopel@bursor.com  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pregis LLC**

represented by **Jennifer Helen Kay**  
Ogletree Deakins Nash Smoak & Stewart, PC  
155 North Wacker Drive  
Suite 4300  
Chicago, IL 60606  
(312) 558−3020  
Email: jennifer.kay@ogletree.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Kelly M Cardin**  
Ogletree, Deakins, Nash, Smoak & Stewart, PC  
599 Lexington Avenue  
Floor 17  
New York, NY 10022  
(212) 492−2067  
Email: kelly.cardin@ogletree.com  
*PRO HAC VICE*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/10/2023 | Ï 1 | COMPLAINT filed by Lori Bazinett; Jury Demand. Filing fee $ 402, receipt number AILNDC−20526675. (Attachments: # 1 Civil Cover Sheet)(Kopel, Yitzchak) (Entered: 04/10/2023) |
| 04/10/2023 | Ï | SUMMONS Issued as to Defendant Pregis LLC (jn, ) (Entered: 04/10/2023) |
| 04/11/2023 | Ï | |

| | | |
|---|---|---|
| | | CASE ASSIGNED to the Honorable Steven C. Seeger. Designated as Magistrate Judge the Honorable Maria Valdez. Case assignment: Random assignment. (jb, ) (Entered: 04/11/2023) |
| 04/11/2023 | Ï | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post–trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (jb, ) (Entered: 04/11/2023) |
| 04/13/2023 | Ï 2 | MINUTE entry before the Honorable Steven C. Seeger: The Court took a look at the complaint in this new case. Plaintiff Lori Bazinett filed suit under New York labor law, alleging that Defendant Pregis LLC is failing to pay on a timely basis. She brings a claim under the Class Action Fairness Act, and invokes this Court's diversity jurisdiction. Plaintiff alleges that she is a citizen of New York. The complaint also alleges that Pregis LLC is a Delaware LLC with a principal place of business in Illinois. But a corporation and a limited liability company are not the same thing. The differences include citizenship. A corporation is a citizen where it is incorporated and where it has its principal place of business. But a limited liability company is a citizen wherever its members are citizens. It makes no difference where a limited liability company is registered, or where it has its principal place of business. For an LLC, the citizenship of its members is all that matters. See Belleville Catering Co. v. Champaign Mkt. Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003); Martin v. Living Essentials, LLC, 653 Fed. Appx. 482, 485 (7th Cir. 2016) ("[T]he home 'base' of a limited liability company, or LLC, is irrelevant, given that an LLC has the citizenship of each of its members."); Thomas v. Guardmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) ("For diversity jurisdictional purposes, the citizenship of an LLC is the citizenship of each of its members."); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."); Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co., 759 F.3d 787, 787–88 (7th Cir. 2014). It is not good enough to state that a party is not a citizen of State X, Y, or Z. See West v. Louisville Gas & Elec. Co., 951 F.3d 827, 829 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be revealed.") (brackets and emphasis in original); West, 951 F.3d at 829 ("We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'"); Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 58–59 (7th Cir. 1996); America's Best Inns, Inc. v. Best Inns of Abilene, LP, 980 F.2d 1072, 1073 (7th Cir. 1992) ("[N]either of the affidavits identifies the limited partners at the time the complaint was filed. It is impossible to determine diversity of citizenship without knowing who the persons in questions in question are. And litigants instructed to specify the partners and their citizenship may not respond with a vacuous statement such as 'no partner is a citizen of Illinois.' How can anyone tell?"). Here, Plaintiff sued an LLC, without identifying the members. Maybe there is, in fact, complete diversity. But based on the complaint, no one can tell. The Court directs Defendant to file a statement identifying all of its members and revealing their citizenship no later than 21 days after service of process. Mailed notice (jjr, ) (Entered: 04/13/2023) |
| 04/14/2023 | Ï 3 | MINUTE entry before the Honorable Steven C. Seeger: An initial status report is due by June 28, 2023. Counsel must read the Standing Order entitled "Initial Status Conferences and Joint Initial Status Reports" on the Court's website. The parties must confer as required by Rule 26(f) about the nature, scope, and duration of discovery. The parties must submit two documents to the Court. First, the parties must file the Joint Initial Status Report under Rule 26(f) on the docket. A Word version of the Joint Initial Status Report is available on the Court's website. All parties must participate in the preparation and filing of the Joint Initial Status Report. The Court requires a joint report, so a filing by one side or the other is not sufficient. Second, the parties must email a Word version of a proposed Scheduling Order under Rule 16(b) to the Court's proposed order inbox. Lead counsel for |

| | | |
|---|---|---|
| | | the parties must participate in filing the initial status report. Plaintiff must serve this Order on all other parties. If the defendant has not been served with process, plaintiff's counsel must contact the Courtroom Deputy at jessica_j_ramos@ilnd.uscourts.gov to reschedule the initial status report deadline. Plaintiff should not file the Joint Initial Status Report before the defendant(s) has been served with process. The parties must discuss settlement in good faith and make a serious attempt to resolve this case amicably. All counsel of record must read and comply with this Court's Standing Orders on its webpage. Please pay special attention to the Standing Orders about Depositions and Discovery. Mailed notice. (jjr, ) (Entered: 04/14/2023) |
| 04/14/2023 | Ï 4 | Diversity Citizenship STATEMENT by Lori Bazinett (Kopel, Yitzchak) (Entered: 04/14/2023) |
| 04/17/2023 | Ï 5 | SUMMONS Returned Executed by Lori Bazinett as to Pregis LLC on 4/13/2023, answer due 5/4/2023. (Kopel, Yitzchak) (Entered: 04/17/2023) |
| 05/03/2023 | Ï 6 | ATTORNEY Appearance for Defendant Pregis LLC by Jennifer Helen Kay (Kay, Jennifer) (Entered: 05/03/2023) |
| 05/03/2023 | Ï 7 | MOTION by Defendant Pregis LLC for extension of time to file answer (Kay, Jennifer) (Entered: 05/03/2023) |
| 05/08/2023 | Ï 8 | MINUTE entry before the Honorable Steven C. Seeger: Defendant's motion for an extension of time (Dckt. No. 7 ) is hereby granted. The response to the complaint is due by June 5, 2023. Defendant must disclose its members and their citizenship by June 5, 2023. Mailed notice. (jjr, ) (Entered: 05/08/2023) |
| 05/17/2023 | Ï 9 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 150, receipt number AILNDC−20645940.<br><br>(Cardin, Kelly) (Entered: 05/17/2023) |
| 06/02/2023 | Ï 10 | MOTION by Defendant Pregis LLC for extension of time to file answer *Defendant's Motion for Additional Enlargement of Time to Submit its Responsive Pleading to Plaintiff's Complaint*<br><br>(Kay, Jennifer) (Entered: 06/02/2023) |
| 06/05/2023 | Ï 11 | MOTION by Defendant Pregis LLC to Transfer Venue<br><br>(Kay, Jennifer) (Entered: 06/05/2023) |
| 06/05/2023 | Ï 12 | MEMORANDUM by Pregis LLC in support of motion for miscellaneous relief 11 *Defendant's Motion to Transfer Venue* (Kay, Jennifer) (Entered: 06/05/2023) |
| 06/05/2023 | Ï 13 | Defendant's Report Identifying its Members and Their Citizenship STATEMENT by Pregis LLC (Kay, Jennifer) (Entered: 06/05/2023) |
| 06/05/2023 | Ï 14 | MOTION by Defendant Pregis LLC to dismiss<br><br>(Kay, Jennifer) (Entered: 06/05/2023) |
| 06/05/2023 | Ï 15 | MEMORANDUM by Pregis LLC in support of motion to dismiss 14 (Kay, Jennifer) (Entered: 06/05/2023) |
| 06/12/2023 | Ï 16 | MINUTE entry before the Honorable Steven C. Seeger: Defendant Pregis's motion for extension of time (Dckt. No. 10 ) is hereby granted. The response to the complaint is due 14 days after this Court rules on the motion to transfer venue. That said, Pregis then went ahead and filed a motion to dismiss anyway (Dckt. No. 14 ). Plaintiff's response to each motion is due by July 14, 2023. The reply in support of each motion is due by July 28, 2023. Mailed notice (jjr, ) (Entered: 06/12/2023) |
| 06/12/2023 | Ï 17 | |

| | | |
|---|---|---|
| | | MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the unsatisfactory statement by Defendant Pregis LLC about the identity and citizenship of its members. The statement says that Pregis LLC is "member–owned by Pregis Topco LLC." Does that mean that Pregis Topco LLC is the one and only member of Pregis LLC? If so, who are the members of Pregis Topco LLC, and what is their citizenship? The report says that the entities were formed in Delaware, and are headquartered in Illinois. Again, the state of registration and the principal place of business are irrelevant when it comes to the citizenship of an LLC. The filing begs the question. Defendant must identify all of its members and reveal their citizenship by June 21, 2023. A failure to comply will lead to appropriate relief, including dismissal. Mailed notice (jjr, ) (Entered: 06/12/2023) |
| 06/12/2023 | Ï 18 | MINUTE entry before the Honorable Steven C. Seeger: The motion for leave to appear pro hac vice (Dckt. No. 9 ) is granted. Attorney Kelly M Cardin is added as counsel for Pregis LLC. Mailed notice. (jjr, ) (Entered: 06/12/2023) |
| 06/20/2023 | Ï 19 | MOTION by Defendant Pregis LLC to transfer case *Joint Motion to Transfer Case to the Northern District of New York*<br><br>(Kay, Jennifer) (Entered: 06/20/2023) |
| 06/20/2023 | Ï 20 | MOTION by Defendant Pregis LLC for extension of time *Motion for Extension of Deadline to Provide Information Regarding the Identity and Citizenship of Defendant's Members*<br><br>(Kay, Jennifer) (Entered: 06/20/2023) |
| 06/21/2023 | Ï 21 | Supplemental Report STATEMENT by Pregis LLC *Regarding Its Members And Their Citizenship* (Kay, Jennifer) (Entered: 06/21/2023) |
| 06/23/2023 | Ï 22 | MINUTE entry before the Honorable Steven C. Seeger: The joint motion to transfer this case to the Northern District of New York (Dckt. No. 19 ) is hereby granted. The case is hereby transferred to the Northern District of New York under section 1404(a). The Clerk's Office is directed to transfer this action to the Northern District of New York forthwith. Defendant's motion to transfer venue (Dckt. No. 11 ) is hereby denied as moot. Defendants' motion for an extension of time to identify its members (Dckt. No. 20 ) is hereby granted. Defendant is in the process of securing information about the members of Pregis Topco LLC, which is necessary to determine the existence of diversity jurisdiction. The statement is due two weeks after the case arrives in New York, or by any other deadline set by that district court. While the case is en route, defense counsel should continue to gather information so that the Northern District of New York can assess the existence of complete diversity of citizenship. In the meantime, the motion to dismiss (Dckt. No. 14 ) remains pending. Plaintiff's response is due by July 14, 2023, or two weeks after the parties have a new case number and can file briefs in the Northern District of New York, whichever is later. Mailed notice. (jjr, ) (Entered: 06/23/2023) |
| 06/27/2023 | Ï 23 | TRANSFERRED to the Northern District of New York the electronic record. (jg, ) (Entered: 06/27/2023) |